## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**WARREN E. JOSEPH, JR. (#133014)**  CIVIL ACTION NO.

**VERSUS**  21-654-BAJ-EWD

**KRISTINE M. RUSSELL**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**WARREN E. JOSEPH, JR. (#133014)**                     **CIVIL ACTION NO.**

**VERSUS**                                              **21-654-BAJ-EWD**

**KRISTINE M. RUSSELL**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint of Plaintiff Warren E. Joseph, Jr. ("Joseph").[1] As a suit under 42 U.S.C. § 1983 is not the proper means for Joseph to challenge his conviction by non-unanimous jury verdict, it is recommended that this matter be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A as legally frivolous and for failure to state a claim.

Joseph brought this suit against Kristine M. Russell ("Russell"), an assistant district attorney in Lafourche Parish, under 42 U.S.C. § 1983. Joseph alleges that Russell is violating and has violated his constitutional rights by failing to correct his conviction by non-unanimous jury. Joseph seeks injunctive relief, vacating his "unconstitutional criminal conviction."[2]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[3] The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 5.
[3] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Joseph was granted IFP status on November 17, 2021, so both statutes apply. R. Doc. 4.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[4] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[8]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

Joseph's allegations indicate he was convicted of second-degree murder by a non-unanimous jury.[13] Joseph notes that in 2020, the United States Supreme Court held that non-unanimous jury verdicts are unconstitutional and states "Russell…has failed to do what she know

---

[4] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[5] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] R. Doc. 1, pp. 4-5.

[sic] to be right. That I Plaintiff…have a right to a unanimous jury verdict."[14] It appears Russell is a prosecutor in the Lafourche Parish District Attorney's Office.[15] Joseph's claim that he is entitled to a new trial because he was convicted by a non-unanimous jury is not properly before the Court.

In *Heck v. Humphrey*,[16] the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment is not cognizable under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[17] Joseph's claims attack the constitutionality of his imprisonment by virtue of a conviction by non-unanimous jury, but Joseph does not allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question in any way. To the contrary, the allegations indicate that the conviction has not been called into question.[18] As Joseph's Complaint challenging the constitutionality of his sentence and continued imprisonment is barred by *Heck v. Humphrey*, the Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[19]

Generally, the proper way to challenge a state court conviction in federal court is through a writ of habeas corpus. Although §1983 suits may be construed as habeas applications in certain circumstances, it would not be proper to do so here. Joseph previously filed a habeas corpus application pursuant to 28 U.S.C. § 2254 that was dismissed with prejudice on September 20,

---

[14] R. Doc. 1, p. 4.
[15] R. Doc. 1, p. 5.
[16] 512 U.S. 477 (1994).
[17] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[18] R. Doc. 1, pp. 4-5.
[19] It would be improper to construe Joseph's complaint as an application for habeas corpus pursuant to 28 U.S.C. § 2254 as Generally,

3

2000.[20] A claim presented in a second or successive habeas application that was not presented in a prior application shall be dismissed unless … the applicant shows that the claim relies on a new rule of constitutional law, *made retroactive* to cases on collateral review by the Supreme Court, that was previously unavailable.[21] While Joseph is correct that the United States Supreme Court held in 2020 that non-unanimous juries in criminal trials are unconstitutional,[22] in 2021 the Supreme Court held that this rule was not retroactive to cases on collateral review.[23] Accordingly, Joseph could not meet the requirements of 28 U.S.C. § 2244(b)(2)(A) even if his § 1983 Complaint were considered an application for a writ of habeas corpus.

## RECOMMENDATION

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[24]

Signed in Baton Rouge, Louisiana, on October 31, 2022.

                                      **ERIN WILDER-DOOMES**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[20] *Warren Joseph v. N. Burl Cain*, No. 00-709 (E.D. La), R. Doc. 10.
[21] 28 U.S.C. § 2244(b)(2)(A).
[22] *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390 (2020).
[23] *Edwards v. Vannoy*, 593 U.S. ---, 141 S.Ct. 1547 (2021).
[24] Joseph is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.